UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **NICK COLEMAN, AKA NICKY COLEMAN**<br>    **LA. DOC # 328980**<br>**VS.** | **CIVIL ACTION NO. 3:10-cv-0740**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **WARDEN TIM WILKINSON** | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Nick Coleman, also known as Nicky Coleman, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on April 24, 2010.[1] Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Winn Corrections Center, Winnfield, Louisiana.  Petitioner attacks his 2006 distribution of cocaine conviction and the fifteen year hard labor sentence imposed by the Fourth Judicial District Court, Ouachita Parish following his adjudication as a second felony offender. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

---

[1] Petitioner signed his petition on April 24, 2010 [Doc. 1, p. 9]; it was mailed on April 30, 2010 [Id., p. 11] and received and filed on May 3, 2010. In accordance with the "mailbox rule," the date of signing is the earliest date upon which petitioner's pleadings could be said to have been filed.  See *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

Case 3:10-cv-00740-RGJ-KLH   Document 4   Filed 07/06/10   Page 2 of 6 PageID #: 94
Case 3:10-cv-00740-RGJ-KLH   Document 4   Filed 07/06/10   Page 2 of 6 PageID #:  94


*Background*

On February 22, 2006, petitioner was convicted of distribution of cocaine following trial in the Fourth Judicial District Court. He was ultimately adjudicated a second offender and sentenced to serve 15 years at hard labor. [Doc. 1, ¶3] Petitioner appealed his conviction to the Second Circuit Court of Appeals and on January 24, 2007, his conviction was affirmed. *State of Louisiana v. Nicky Lavelle Coleman*, 41,764 (La. App. 2 Cir. 1/24/2007), 949 So.2d 570. His application for writs was denied by the Louisiana Supreme Court on October 12, 2007. *State of Louisiana v. Nicky Lavelle Coleman*, 2007-0459 (La. 10/12/2007), 965 So.2d 398. He did not seek further direct review in the United States Supreme Court.[2]

On May 5, 2009, he filed an application for post-conviction relief in the Fourth Judicial District Court. [Doc. 1, ¶7(B)(iii)] That proceeding apparently remained pending in either the District Court, the Court of Appeal, or the Louisiana Supreme Court until April 9, 2010, when the Louisiana Supreme Court denied relief. *State of Louisiana ex rel. Nick Coleman v. State of Louisiana*, 2009-1454 (La. 4/9/2010), 31 So.2d 384.

*Law and Analysis*

*1. Limitations – 28 U.S.C. §2244(d)(1)(A)*

This petition is governed by the provisions of the Anti-terrorism and Effective Death Penalty Act of 1996 or AEDPA. [See Pub.L. 104-132, Title I, §§101, 106, 110 Stat. 1217, 1220] Based on the information thus far supplied, it appears that the petition is time-barred by that portion of the

---

[2] Petitioner implies that he sought review in the United States Supreme Court, however, the information he supplied in his petition relates to litigation in the Louisiana Supreme Court and not the United States Supreme Court. Doc. 1, ¶6(D). Additionally, the presumptively reliable published jurisprudence of the United States Supreme Court indicates that petitioner did not seek review in the Supreme Court.

AEDPA codified at 28 U.S.C. §2244(d)(1). That statute provides a one-year limitations period for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. Under Subsection (A), the limitation period is reckoned from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner's application for writs seeking further direct review was denied by the Louisiana

---

[3] Subsections B, C, and D are not relevant to this case. Nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; petitioner has identified no state created impediments which delayed the filing of his federal petition; finally, nothing suggests that petitioner is entitled to reckon limitations from the event described in Subsection (D). Further even if petitioner is allowed to reckon the limitations period from the date he discovered the factual predicate of his claim, the petition would still be time-barred. Petitioner argues that the State did not provide timely discovery; he also argues that his attorney was ineffective for failing to demand prompt discovery. As can be seen from the pleadings and exhibits, petitioner was aware of this situation at the time of his trial; since petitioner was clearly aware of the "discovery" issues at the time of his trial, he cannot rely on the statutory tolling provision of 28 U.S.C. §2244(d)(1)(D).

Supreme Court on October 12, 2007. *State of Louisiana v. Nicky Lavelle Coleman*, 2007-0459 (La. 10/12/2007), 965 So.2d 398. He did not seek further direct review in the United States Supreme Court. Therefore, petitioner's judgment of conviction and sentence became final under the AEDPA on or about January 11, 2008, ninety days after the Louisiana Supreme Court denied writs on direct review. See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003)(A state judgment becomes final "by the conclusion of direct review <u>or the expiration of the time for seeking such review</u>." If the litigant does not seek a writ of *certiorari* from the United States Supreme Court, "<u>finality [is] established by the expiration of the ninety-day period to seek further review with the Supreme Court</u>..." as provided in Supreme Court Rule 13.) (emphasis supplied) Therefore, petitioner had one-year from that date, or until on or about January 11, 2009 to file his federal application for writ of *habeas corpus*.

Petitioner cannot rely on the tolling provisions of 28 U.S.C. §2244(d)(2) because, by the time he filed his application for post-conviction relief in the Fourth Judicial District Court on May 5, 2009 [Doc. 1, ¶7(B)(iii)], the limitations period had already lapsed and could not be revived by the application for post-conviction relief which was apparently timely under Louisiana law. [See La. C.Cr.P. art. 930.8 which provides a 2-year period of limitations (reckoned from the date the judgment became final) for filing an application for post-conviction relief in the Louisiana courts.]

Clearly, the petition is untimely if the AEDPA limitations period is reckoned, as it should be, from the date of finality of judgment.

*2. Equitable Tolling*

Petitioner may suggest that he is entitled to equitable tolling, and, of course, the limitations period codified at 28 U.S.C. §2244(d) is subject to equitable tolling in appropriate cases. *Holland*

*v. Florida*, ___ U.S.___, 2010 WL 2346549 (June 14, 2010). Nevertheless a *habeas* petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

It does not appear that petitioner can rely on the doctrine of equitable tolling because his pleadings and associated exhibits fail to present any "rare and exceptional circumstances" warranting its application. See *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998); see also *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000), *reh'g* granted in part, 223 F.3d 797 (5th Cir.2000); Felder v. Johnson, 204 F.3d 168, 171- 72 (5th Cir.2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999).[4]

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996). Nothing before the Court suggests that petitioner was misled in any way or otherwise prevented from asserting his rights.

Finally, equitable tolling should only be applied if the applicant diligently pursues §2254 relief. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000); *Coleman v. Thompson*, 184 F.3d 398, 403 (1999), *cert. denied* 120 S.Ct. 2564 (2000). In this case, petitioner was hardly diligent.

---

[4] Of course, petitioner may object to this Report and Recommendation as outlined below. Should he do so, he is encouraged to allege facts and submit proof in support of those allegations to establish that his petition is either not time-barred or, time-barred but subject to equitable tolling.

*Conclusion and Recommendation*

Accordingly, for the foregoing reasons,

**IT IS RECOMMENDED** that the petition for *habeas corpus* should be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, this 6th day of July, 2010.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**