RECEIVED
IN MONROE, LA

AUG 16 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| NICK COLEMAN, AKA NICKY COLEMAN<br>LA. DOC # 328980<br>VS. | CIVIL ACTION NO. 3:10-cv-0740<br><br>SECTION P<br><br>JUDGE ROBERT G. JAMES |
| WARDEN TIM WILKINSON | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is the Petition for Writ of *Habeas Corpus* filed by *pro se* petitioner Nick Coleman, also known as Nicky Coleman, pursuant to 28 U.S.C. § 2254.

On July 6, 2010, the Magistrate Judge issued a Report and Recommendation [Doc. No. 4] in which she recommended that the Court find that the Petition was untimely filed. She recounted the following procedural history:

> On February 22, 2006 [P]etitioner was convicted of distribution of cocaine following trial in the Fourth Judicial District Court. He was ultimately adjudicated a second offender and sentenced to serve 15 years at hard labor. [Doc. 1, ¶3] Petitioner appealed his conviction to the Second Circuit Court of Appeals and on January 24, 2007 his conviction was affirmed. *State of Louisiana v. Nicky Lavelle Coleman*, 41,764 (La. App. 2 Cir. 1/24/2007), 949 So.2d 570. His application for writs was denied by the Louisiana Supreme Court on October 12, 2007. *State of Louisiana v. Nicky Lavelle Coleman*, 2007-0459 (La. 10/12/2007), 965 So.2d 398. He did not seek further direct review in the United States Supreme Court.
>
> On May 5, 2009 he filed an application for post-conviction relief in the Fourth Judicial District Court. [Doc. 1, ¶7(B)(iii)] That proceeding apparently remained pending in either the District Court, the Court of Appeal or the Louisiana Supreme Court until April 9, 2010 when the Louisiana Supreme Court denied relief. *State of Louisiana ex rel. Nick Coleman v. State of Louisiana*, 2009-1454 (La. 4/9/2010), 31 So.2d 384.

[Doc. No. 4, p. 2]. Based on these dates, the Magistrate Judge concluded that Petitioner's judgment

of conviction became final on January 11, 2008, ninety days after the Louisiana Supreme Court denied writs on direct review. Thus, she determined that Petitioner had one year from that date, or "until on or about January 11, 2009," to file his federal application for writ of *habeas corpus*. [Doc. No. 4, p. 4].

However, in his objections [Doc. No. 5] to the Report and Recommendation, Petitioner points out that the Magistrate Judge's analysis is based upon his filing of his application for post-conviction relief on May **5, 2009**, which is what he stated in his Complaint. [Doc. No. 1, ¶ 7(B)(iii)]. However, Petitioner now asserts and has provided supporting documentation to show that he actually filed his application for post-conviction relief in the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, on May **15, 2008**. Therefore, at the time he filed his application for post-conviction relief the AEDPA limitations period had not run.

Between January 11, 2008, and May 15, 2008, 125 days of the one-year AEDPA limitations period had run. Under 28 U.S.C. § 2244(d)(2), the time during which his properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Thus, on April 9, 2010, when the Louisiana Supreme Court denied relief on his post-conviction application,[1] Petitioner had 240 days left within which to file his federal habeas petition. Petitioner timely filed his Petition in this Court on April 24, 2010.

Given Petitioner's supporting evidence showing that his Petition was timely filed, the Court DECLINES TO ADOPT the Magistrate Judge's Report and Recommendation and REMANDS this

---

[1] *See State of Louisiana ex rel. Nick Coleman v. State of Louisiana*, 2009-1454 (La. 04/09/10); 31 So.3d 384.

2

matter to her for further proceedings.

    MONROE, LOUISIANA, this \_\_\_15\_\_\_ day of August, 2010.

                                    **ROBERT G. JAMES**
                            **UNITED STATES DISTRICT JUDGE**