RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/25/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| NICK COLEMAN, AKA NICKY COLEMAN<br>LA. DOC # 328980 | CIVIL ACTION NO. 3:10-cv-0740 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WARDEN TIM WILKINSON | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Petition for Writ of *Habeas Corpus* filed by *pro se* petitioner Nick Coleman, also known as Nicky Coleman ("Coleman"), pursuant to 28 U.S.C. § 2254.

Coleman raises three claims for relief: (1) that the State of Louisiana engaged in purposeful race discrimination by striking juror Betty Hutson; (2) that defense counsel provided ineffective assistance of counsel by failing to obtain discovery from the State; and (3) that there was insufficient evidence to support his conviction for distribution of cocaine.

On December 14, 2010, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 19] in which she recommended that the Court deny the Petition and dismiss all Coleman's claims. Coleman did not file an objection to the Report and Recommendation.

The Court agrees with and ADOPTS the analysis and recommendations of the Magistrate Judge with the following exceptions:

First, the Court DECLINES TO ADOPT the first full paragraph on page 6 of the Report and Recommendation, discussing the analysis of a petitioner's prima facie case on a *Batson* claim. The Fifth Circuit has explained that "[t]o make a prima facie case, [a petitioner] needed to show only that

the facts and circumstances of his case gave rise to an inference that the State exercised peremptory challenges on the basis of race," which is a " light burden." *Price v. Cain*, 560 F.3d 284, 287 (5th Cir. 2009).

However, the Court agrees with the Magistrate Judge that the proper focus in this case was on the third prong under *Batson*. In that regard, the Court also agrees with and ADOPTS the Magistrate Judge's analysis of Coleman's § 2254 based on the third *Batson* prong. The Court finds that the trial court's denial of Coleman's *Batson* claim was not based on an unreasonable determination of the facts in light of the evidence presented. Thus, Coleman is not entitled to *habeas* relief on this claim.

The Court agrees with and fully ADOPTS the Magistrate Judge's analysis and recommendations with regard to Coleman's remaining ineffective assistance of counsel and insufficiency of the evidence claims. Coleman's Petition is DENIED, and his claims are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 25 day of January, 2011.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE